## Haney et al. v. Zimmerman

*L. Patrick McGrath* and *Anthony R. McGrath*, for plaintiffs.

*Dickie, Robinson & McCamey*, for defendant.

ELLENBOGEN, J., July 9, 1941.—This case is before the court en banc on a motion "to dismiss the petition and order dated April 9, 1941," by which Martin Mitchell was joined as an additional defendant.

Defendant joined Mitchell as an additional defendant by proceedings which are in proper form. Notice of the time and place of presenting a petition to join Mitchell as additional defendant in the Haney claim was given to counsel for Mitchell. No objection was interposed, and no hearing was held. By an order of court dated April 9, 1941, the petition of Daniel Zimmerman was granted and he was permitted to join Martin Mitchell as an additional defendant, insofar as the cause of action of Sarah Haney against defendant was concerned.

The motion to dismiss is somewhat irregular but we will treat it as a motion to vacate the order of April 9, 1941, and strike off the additional defendant.

It appears that Martin Mitchell, one of plaintiffs, while accompanied in his automobile by Sarah Haney as his guest, became involved in a collision with an automobile operated by Daniel Zimmerman, defendant. Sarah Haney, the guest, and Martin Mitchell, the driver, filed this joint action against Daniel Zimmerman under Pa. R. C. P. 2229.

It was stated at the bar of the court and it is reiterated in the brief of counsel for Zimmerman that Daniel Zimmerman filed an action against Mitchell in the County Court of Allegheny County at no. 1139 of 1940, for property damages sustained by his automobile by virtue of said collision and that he recovered a verdict on April 23, 1941, on which a final judgment has been entered.

Rule 2252 provides that the defendant ". . . may petition the court for leave to join as an additional defendant any person *not* a party to the action . . ." (Italics supplied.) Under this rule it is not proper to join as an additional defendant a party who is already on record as a party plaintiff. Such a joinder would create an anomalous and illogical situation which would only confuse the issue. Counsel for defendant seeks to justify such action under rule 2231 which provides that

the joinder under rule 2229 of independent causes of actions, as was done in this case, shall not prejudice the "procedural rights" of each party. In our opinion this rule is not in conflict with rule 2252 and does not permit the joinder of Martin Mitchell as an additional defendant.

If defendant believes that his rights are prejudiced by his inability to join Martin Mitchell as an additional defendant, he can petition the court for a separation of the two independent causes of action which are joined here in one suit. This separation, if granted, would then permit him to join Martin Mitchell as a party defendant in the action of Sarah Haney against Daniel Zimmerman. In view of the fact asserted in the brief of defendant that the claim of Martin Mitchell against Daniel Zimmerman is res adjudicata by virtue of the action in the County Court, it may well be that a separation of the independent causes of action of the two plaintiffs would be proper in this case. If such a petition is filed and allowed, defendant could then ask for leave to join Martin Mitchell as an additional defendant nunc pro tunc.

We will grant plaintiffs' motion, vacate the order of April 9, 1941, and strike off the name of Martin Mitchell as additional defendant.

### *Order*

And now, to wit, July 9, 1941, the motion of Martin Mitchell is granted, the order of court dated April 9, 1941, joining Martin Mitchell as an additional defendant is vacated, and the name of said Martin Mitchell as additional defendant is hereby stricken from the record.

---

NOTE.—After the filing of the foregoing opinion the action recommended therein was followed, and the court en banc reinstated the third party petition with respect to the cause of Sara Haney after there had been a severance of the causes of action.